UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
SHERRY SCALERCIO-ISENBERG,
                Plaintiff,

                -v-

MORGAN STANLEY SERVICES
GROUP INC., MATTHEW DZIEDZIC,
JAMES P. GORMAN, JEFF BRODSKY,
KERRIE R. HESLIN,
                Defendants.
―――――――――――――――――――――――――――――――

19-CV-6034 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In this case, Plaintiff Sherry Scalercio-Isenberg alleges that she was not hired as a result of unlawful discrimination. On December 19, 2019, this Court granted the motions to dismiss filed by Defendants Morgan Stanley Services Group Inc., Matthew Dziedzic, James P. Gorman, Jeff Brodsky, and Kerrie R. Heslin (collectively "Morgan Stanley"). *Scalercio-Isenberg v. Morgan Stanley Services Group Inc.*, 19-cv-6034, 2019 WL 6916099, at *1 (S.D.N.Y. Dec. 19, 2019). The Court also granted Plaintiff leave to amend her complaint to cure its deficiencies. *Id.* at 15. Plaintiff has since filed her first amended complaint (Dkt. No. 42 ("FAC")), and Defendants have moved to dismiss the first amended complaint with prejudice. (Dkt. No. 44.) For the reasons that follow, Defendants' motion to dismiss is granted.

**I.    Background**

    **A.    Factual Background**

Because Plaintiff has pleaded no new facts relevant to her claims, the Court assumes familiarity with the factual background of this case as set forth in its prior opinion. *See Scalercio-Isenberg*, 2019 WL 6916099, at *1.

1

### A. Procedural Background

Plaintiff filed her first amended complaint on January 20, 2020. (FAC.) She again asserts discrimination on the basis of her gender, age, and disability pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* (FAC.) She also reasserts her Title VII retaliation claim, this time based on a theory of "blackballing."[1] (*Id.*) Notably, Plaintiff has dropped her state-law claims against Defendants. (*See id.*)

Defendants responded to Plaintiff's first amended complaint with another motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 44.) Further, they ask the Court to dismiss with prejudice. (Dkt. No. 45 at 1.) This motion is ripe for resolution.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept[] as true the factual allegations in the complaint" and draw[] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (quoting *Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d

---

[1] Of note, however, is that Plaintiff pleads no additional relevant facts supporting her theory of blackballing. (*See* FAC ¶¶ 150–88.) Instead, she merely provides the "legal definition" of blackballing (FAC ¶¶ 150–52), and reasserts the facts related to her retaliation claim as stated in her original complaint, with the word blackballing inserted twice. (*See* FAC ¶¶ 178, 187.)

211, 214 (2d Cir. 2003)).  However, that "tenet . . . is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

A complaint filed by a *pro se* litigant, as is the case here, "must be construed liberally to raise the strongest arguments it suggests."  *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotation marks omitted).  However, the *pro se* plaintiff's complaint must still contain "factual allegations sufficient to raise a right to relief above the speculative level," including "an allegation regarding [each] element necessary to obtain relief."  *Blanc v. Capital One Bank*, 13-cv-7209, 2015 WL 391409, at *2 (S.D.N.Y. June 24, 2015).

### III. Discussion

#### A. Individual Liability

At the outset, and for the second time, the Court notes that, as a matter of law, neither Title VII, the ADEA, nor the ADA permits individual defendants to be held liable for any alleged work-related discrimination.  *See Mandell v. Cty. Of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (holding that there is no individual liability under Title VII); *Wray v. Edward Bank Assocs., Inc.*, 924 F. Supp 498, 503 (S.D.N.Y. Apr. 16, 1996) (holding that there is no individual liability under the ADEA); *Costabile v. N.Y. Dist. Council of Carpenters*, 17-cv-8488, 2018 WL 4300527, at *4 (S.D.N.Y. Sept. 10, 2018) (finding that there is no individual liability under the ADA) (citing *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010)).  Accordingly, the claims against James Gorman, Jeff Brodosky, Matthew Dziedzic, and Kerrie Heslin in their individual capacities, are dismissed.

### B. Gender and Age Discrimination Claims

Because discrimination claims under Title VII and the ADEA are both evaluated under the *McDonnell Douglas* burden-shifting framework, these claims are addressed jointly. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The first step in the *McDonnell Douglas* framework requires the plaintiff to establish a *prima facie* case of discrimination based on the protected characteristic. The burden then shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse employment action. Finally, the burden shifts back to the plaintiff to demonstrate that the employer's reason for the adverse employment action was merely pretext for discrimination. *See Dimps v. Taconic Corr. Facility*, 17-cv-8806, 2019 WL 1299844, at *4 (S.D.N.Y. Mar. 20, 2019) (citing *McDonnell Douglas*, 411 U.S. at 802, 804).

A showing of a *prima facie* case of discrimination at the first step ordinarily suffices to defeat a motion to dismiss. To establish a *prima facie* case of gender or age discrimination for failure to hire, as Scalercio-Isenberg alleges here, a plaintiff must demonstrate: (1) she is a member of a protected class; (2) she was qualified for the job for which she applied; (3) she was denied the job; and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination. *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Further, to prevail on a claim for gender discrimination, a plaintiff must "prov[e] that the adverse employment decision was motivated at least in part" by gender. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (quoting *Stratton v. Dep't for the Aging for City of N.Y.*, 132 F.3d 869, 878 (2d Cir. 1997). Prevailing on a claim of age discrimination requires a somewhat different showing, as a plaintiff must demonstrate that her age was the "but for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).

Scalercio-Isenberg's gender and age discrimination claims fail, as pleaded in the first amended complaint, for the same reason they did in the initial complaint: she has failed to make out a *prima facie* case of age or gender discrimination because she has not demonstrated that Morgan Stanley's failure to hire her occurred under circumstances that give rise to an inference of gender or age discrimination. *Scalercio-Isenberg*, 2019 WL 6916099, at *9. Despite being put on notice by the Court's prior decision that she must plead sufficient facts to support her allegations that Morgan Stanley refused to hire her, in part, on account of her gender or age, Scalercio-Isenberg has failed to do so.

Scalercio-Isenberg's amended complaint adds no new facts, instead relying on the same assertions from her original pleading. She again does not allege any facts suggesting that Morgan Stanley's decision not to hire her was "motivated at least in part" by gender. *Vega*, 801 F.3d at 87 (quoting *Stratton*, 132 F.3d at 878). Further, she again does not allege any facts suggesting that her age was the "but for" cause of the decision not to hire her. *Gross*, 557 U.S. at 176. Plaintiff's gender and age discrimination claims continue to rely entirely on conclusory and speculative allegations, which, once again, are insufficient to survive a motion to dismiss. *See Memnon v. Clifford Chance US, LLP*, 667 F. Supp. 2d 334, 343 (S.D.N.Y. Oct. 27, 2009) (concluding that a plaintiff's "speculations, generalities, and gut feelings . . . not supported by specific facts, do not allow for an inference of discrimination to be drawn" (quoting *Smalls v. Allstate Ins. Co.,* 396 F. Supp. 2d 364, 371 (S.D.N.Y. Oct. 10, 2005))).

Because Scalercio-Isenberg has again not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and shows no "indication that [she] c[an]–or w[ill]–provide additional allegations that might lead to a different result," *Gallop v.*

5

*Cheney*, 642 F.3d 364, 369 (2d Cir. 2011), Morgan Stanley's motion to dismiss her gender and age discrimination claims is granted.

### C.        Disability Discrimination

ADA disability discrimination claims are also subject to the *McDonnell Douglas* framework.  *See Dimps*, 2019 WL 1299844, at *7.  To establish a *prima facie* claim of disability discrimination for failure to hire under the ADA, a plaintiff must demonstrate: (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability.  *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (per curiam).

Scalercio-Isenberg's disability discrimination claim also fails, again, for the same reasons her gender and age discrimination claims fail: she does not make out a *prima facie* case of disability discrimination.  Her disability claim failed, as pleaded in her original complaint, because she did not allege facts showing that Defendants knew of her disability when they made the decision not to hire her.  *Scalercio-Isenberg*, 2019 WL 6916099, at *11.  Though this remains true, Scalercio-Isenberg seems to include another argument this time around, grounding her disability discrimination claim on the allegation that Morgan Stanley uses the voluntary answers it receives from its online job application portal relating to whether an applicant has a disability to "screen out people[] they don't want to interview."  (FAC at 26.)  Further, she alleges that the "un- written and quietly spoken rule is: 'Do not hire anyone with a disability, too difficult to get rid of them!'"  (FAC at 25.)

Critically, and related to the earlier reasoning for dismissing this claim, Scalercio-Isenberg does not allege that she gave an answer to the question relating to an applicant's potential disability.  As such, it cannot be said that Morgan Stanley's decision not to hire her "was imposed because of her disability," *Davis*, 804 F.3d at 235, because the allegations establish that Defendants did not know she was disabled when they decided not to hire her.  Further, she alleges no facts supporting her allegation of Morgan Stanley's improper use of the voluntary disability question answers.  Thus, like her gender and age discrimination claims, her "speculations, generalities, and gut feelings . . . [un]supported by specific facts, do not allow for an inference of discrimination to be drawn." *Memnon*, 667 F. Supp. 2d at 343 (quoting *Smalls*, 396 F. Supp. 2d at 371).

Because "'it appears beyond doubt that [Scalercio-Isenberg] can prove no set of facts in support of [her disability discrimination] claim which would entitle [her] to relief,'" *Iwachiw v. Port Authority of N.Y. and N.J.*, 151 Fed. Appx 93, 95 (2d Cir. 2005) (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)), her claim of disability discrimination is dismissed.

### D.     Title VII Retaliation

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate: (1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; (4) there was a causal connection between the protected activity and that adverse action.  *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (per curiam).  Further, and relevant here, a plaintiff is "required to have had a good faith, reasonable belief that [s]he was opposing an employment practice made unlawful by Title VII." *McMenemy v. City of Rochester*, 241 F.3d 279, 285 (2d Cir. 2001).

Scalercio-Isenberg alleges that the cease and desist letter she received from Morgan Stanley's outside counsel, as well as the fact that Morgan Stanley CEO James Gorman did not personally help her following her email to him suggesting something was amiss with the Morgan Stanley hiring department, were evidence of blackballing, and thus, improper retaliation. (FAC ¶¶ 150–88.) The Court disagrees. As was the case with the original complaint, Scalercio-Isenberg's alleged subjective belief that she was being discriminated against on the basis of her gender, age, or disability cannot plausibly be viewed as a reasonable one under the circumstances. Further, she does not offer "any [factual] evidence to support the allegations of the so-called 'blackballing' made in her [amended] complaint." *Memnon*, 667 F. Supp. 2d at 344. As such, she has failed to state a plausible "retaliation claim that is premised on such conduct." *Id.*

Thus, because Scalercio-Isenberg has not alleged any facts plausibly suggesting that Morgan Stanley's decision not to hire her was based in improper discrimination, it follows that she has not alleged any facts that suggest the cease and desist letter and failure to help her with her theories of discriminatory hiring practices were based, even in part, on discriminatory or retaliatory motives. "Because [Scalercio-Isenberg's] amended complaint fails to provide facts by which a court might find a violation of law, [she] has failed to state a [retaliation] claim upon which relief might be granted." *Iwachiw*, 151 Fed. Appx at 95. Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claims is granted.

E.     **Leave to Amend**

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted). "[T]he court should not

8

dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). But leave should be denied if repleading would be "futile." *Id; see also Abu Dhabi Com. Bank v. Morgan Stanley & Co.*, 08-cv-7508, 2009 WL 336674, at *2 (S.D.N.Y. Oct. 15, 2009) ("[D]ismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978))).

Because Scalercio-Isenberg has already been granted leave to amend once, and "a liberal reading of the [amended] complaint [still] gives [no] indication that a valid claim might be stated," Scalercio-Isenberg will not be given another opportunity to replead. *Cuoco*, 222 F.3d 99 at 112.

## IV. Conclusion

Accordingly, Defendants' motion to dismiss is GRANTED with prejudice. The Clerk of Court is directed to close the motion at Docket Number 44 and to close this case.

SO ORDERED.

Dated: August 6, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

9